Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2233 | **DATE** | 7/13/2001 |
| **CASE TITLE** | LARSEN, ET AL V. COUNTRYWIDE HOME LOANS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Motion (7-1) to dismiss Count VI is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 16 PM 4:48 | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL R. LARSEN and
KIMBERLY J. LARSEN,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,

    Defendant.

No. 01 C 2233
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Daniel and Kimberly Larsen were borrowers under a federally insured mortgage loan with a maturity date some thirty years from now. The loan was paid off prior to its maturity, on August 18, 2000. The Larsens filed this multiple-claim putative class action, asserting that defendant Countrywide Home Loans, Inc. ("Countrywide") charged more interest than is permissible under federal and Illinois law. Specifically, they complain that defendant required them to pay interest on their loan for the whole month of August 2000–not merely for the eighteen days of that month during which plaintiffs were indebted to Countrywide.

Before me is Countrywide's motion to dismiss Count VI, a claim for violation of the Illinois Interest Act, 815 ILCS 205/4. The parties agree (at least for purposes of this motion) that Section 4 of the Illinois Interest Act prohibits lenders from charging interest for any period after payment of the principal:

> "(3) <u>In any contract or loan which is secured by a mortgage</u>, deed of trust, or conveyance in the nature of a mortgage, or residential estate, <u>the interest which is computed</u>, calculated, or collected pursuant to such contract or loan, or pursuant to any regulation or rule promulgated pursuant to this Act, <u>may not be computed</u>, calculated, charged or collected <u>for any period of time occurring after the date on which the total indebtedness, with the exception of late payment penalties, is paid in full</u>."

Countrywide moves to dismiss Count VI on the ground that application of the Interest Act is barred by § 501 of the Depositary Institutions Deregulation and Monetary Control Act of 1980 ("DIDMCA"), 12 U.S.C. § 1735f-7a. DIDMCA exempts certain mortgages or loans from state usury laws. It states in relevant part:

> "The provisions of the constitution or the laws of any State <u>expressly limiting the rate or amount of interest</u>, discount points, finance charges, or other charges which may be charged, taken, received, or reserved, shall not apply to any loan, mortgage, credit sale, or advance which is -
> (A) secured by a first lien on residential real property, by a first lien on all stock allocated to a dwelling unit in a residential cooperative housing corporation, or by a first lien on a residential manufactured home;
> (B) made after March 31, 1980; and
> (C) described in section 527(b) of the National Housing Act."

There is no dispute that the Larsens' mortgage loan meets the three requirements of § 1735f-7a. The question before me is whether Section 4 of the Illinois Interest Act is preempted by federal law because it limits "the rate or amount of interest" that a lender may charge. Countrywide would have me interpret the term "rate or amount of interest" quite liberally, to apply to *any* state law which has an effect upon how much interest a borrower must pay. Defendant says that this is the only reasonable interpretation that the plain language of the statute allows.

The statutory language is not so unambiguous as defendant suggests, especially when it is considered in light of congressional intent in enacting the statute. The Senate Report on DIDMCA indicates Congress's intent to preempt only those limitations which are included in the calculation of the annual percentage rate, excluding from coverage state limitations on prepayment penalties, late charges or similar limitations designed to protect borrowers. *See*

2

*Currie v. Diamond Mortgage Corp. of Illinois*, 859 F.2d 1538, 1542 (7th Cir. 1988) (citing S. Rep. No. 96-368, 96th Cong., 2d Sess. 19, reprinted in 1980 U.S. Code Cong. & Admin. News 236, 255). Contrary to defendant's position, then, it is quite clear that Congress did not mean for DIDMCA to preempt all interest charges since interest charges which constitute prepayment penalties fall outside the scope of the Act. Moreover, courts have found that state statutes regulating the computation of interest on federally insured loans are not preempted by federal law. *See, e.g., Grunbeck v. Dime Savings Bank of New York*, 74 F.3d 331 (1st Cir. 1996) (simple interest statute, as applied to borrowers' loan, was not preempted by DIDMCA as state law limiting rate or amount of interest).[1]

A 1998 Opinion letter from the General Counsel of the Federal Home Loan Bank Board further supports plaintiff's position.[2] The Opinion specifically addresses "whether the charging of interest to the end of the month in which a borrower prepays a loan constitutes a 'prepayment charge' as that term is used in the Board's usury preemption regulation." The FHLBB declined to find preemption, "absent more . . . documentation establishing that the charging of interest through the end of the month of prepayment constitutes a charge includable within the annual percentage rate." Defendant does not attempt to show that the charge at issue in this case is includable in the annual percentage rate; nor does it make any attempt to distinguish the FHLBB Opinion Letter.

---

[1] The New Hampshire statute at issue in *Grunbeck* may not have "purported" to limit the amount of interest, but that was certainly its effect. The same is true with § 4 of the Illinois Interest Act.

[2] See Opinion of General Counsel, FHLBB, 1998 FHLBB LEXIS 50 (March 21, 1988).

Plaintiffs have not convinced me that the charge in this case is a prepayment penalty. (After all, the Larsens could have paid their loan in full with no "penalty" had they paid on the last day of July 2000). But their claim does not turn on whether the charge of interest is a prepayment penalty; rather, it turns upon whether § 4 of the Interest Act is–like a prepayment penalty–the sort of state law that Congress intended to exempt from DIDMCA preemption.

Countrywide assumes that the "amount" of interest a lender may charge is "limited" by the Interest Act. On the contrary, the Interest Act imposes no restriction on either the "rate" or the "amount" of interest the borrower may be charged, but merely requires that any interest rate or amount agreed to by the parties cannot be charged after the borrower is no longer indebted. The Illinois Interest Act leaves entirely to the parties the rate and amount of interest to be exacted.

The motion to dismiss Count VI is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: JUL 13 2001